IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                          **Case No. 4:06cv401-RH/WCS**

**UNITED STATES MARSHALS OFFICE,**
**et al.,**

    **Defendants.**

                                          /

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se*, has filed an amended civil rights complaint. Doc. 16. Plaintiff has now submitted the assessed partial filing fee of $3.33, doc. 14, and thus, review of the complaint is appropriate. Because the partial filing fee had not yet been received, review of the original complaint had not been made. At this point, Plaintiff has submitted an amended complaint, doc. 16. Therefore, only the amended complaint will be considered.

Plaintiff is challenging the allegedly "warrantless search and seizure of items from" Plaintiff's house on October 25, 2002. Doc. 16. Plaintiff asserts that a U.S. Marshal task force arrived at his home with four arrest warrants for Plaintiff. *Id.*

According to Plaintiff's allegations, a Deputy Marshal forcibly entered Plaintiff's home with the arrest warrants and seized Plaintiff who, after hearing the noise at the door and seeing men with weapons running towards his door, went to hide in the attic.  *Id.*  Plaintiff was located and agreed to climb down from the attic as requested.  *Id.*  He was then placed under arrest.  *Id.*  Plaintiff was taken outside and secured "in the rear of a sherrif [sic] deputy vehicle."  *Id.*

Plaintiff contends that unspecified items were taken from his home without a search warrant, but he fails to identify what was removed.  *Id.*  It is also unclear whether Plaintiff contends that the items were seized at the time of his arrest, or whether unidentified Deputy Marshals conducted the "approximate[ly] 30 minute vigorous and thorough search of the entire Plaintiff's entire house" at a later time on that same day.[1]  *Id.*  Nevertheless, Plaintiff contends that the seized evidence is "inadmissible into evidence in any proceeding against the plaintiff."  *Id.*  Plaintiff claims that the Defendants are liable "for all proceedings that used evidence unlawfully removed [from] the plaintiff's house on October 25, 2002."  *Id.*

Plaintiff states that proceedings were held on November 6, 2002, and May 8, 2003, and the seized evidence was "used."  Doc. 16.  Plaintiff identifies other dates of judicial proceedings "which used evidence seized in plaintiff's house."  *Id.*  Plaintiff wants this Court "to invalidate all proceedings which items or knowledge concerning items Deputy Marshals removed from in plaintiff's house on October 25, 2002, without warrant were used therein [sic]."  *Id.*

---

[1] Plaintiff asserts in paragraph 23 that the deputies "re-entered the plaintiff's house . . . ."  Doc. 16.

Case No. 4:06cv401-RH/WCS

As additional relief, Plaintiff seeks a permanent injunction invalidating the prior proceedings which used evidence seized from his house. Doc. 16. Plaintiff also wants compensatory damages and a jury trial. *Id.*

Plaintiff's allegations are more clear when considered along with documents filed by Plaintiff and construed as a motion to issue arrest warrants. Docs. 4, 5. It appears that the items taken from Plaintiff's home were used as evidence to revoke Plaintiff's probation, and then used again when new charges were filed against Plaintiff. As Plaintiff was previously advised, *see* doc. 11, this civil rights action cannot be a basis to attack either pending criminal charges brought against him or a criminal conviction that for which he is currently incarcerated.[2]

Prisoners may not seek to reduce their period of confinement through a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). An attack against one's period of incarceration is a *habeas corpus* claim that may only be challenged through the filing of a habeas petition under 28 U.S.C. § 2254. Thus, even if Plaintiff has viable claims concerning civil rights violations when property was taken from his home, it is apparent that such claims cannot be brought in this case. That is so because Plaintiff admits that the property taken was used as evidence against him in judicial proceedings, and Plaintiff now seeks to invalidate those proceedings. This civil rights case may not provide Plaintiff with monetary damages nor declare the seizure of property unlawful when it was the basis for Plaintiff's current

---

[2] It is unknown from Plaintiff's amended complaint what charge Plaintiff was convicted of, but it is clear that Plaintiff is currently incarcerated in the Florida Department of Corrections on at least one charge springing from the October 25, 2002, arrest. See: www.dc.state.fl.us.

Case No. 4:06cv401-RH/WCS

incarceration.  See Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck, 114 S. Ct. at 2372.  Therefore, this civil rights case cannot be used as an additional way to attack Plaintiff's criminal conviction which remains valid.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 16, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and Heck v. Humphrey, *supra*, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2006.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**