# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.        CASE NO. 4:06cv401-RH/WCS

UNITED STATES MARSHALS OFFICE,
et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 17), and the objections thereto (document 20). I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that plaintiff's amended complaint should be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under *Heck*, a state prisoner cannot properly pursue a civil rights action that, if successful, logically would require the invalidation of his or her conviction or resulting incarceration. A such challenge to

a conviction or sentence must instead be brought by petition for writ of habeas corpus.  *See also Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

In his objections, plaintiff asserts he is not challenging his convictions, but only an allegedly unconstitutional search of his residence.  In his prayers for relief, however, plaintiff consistently demands an order invalidating any proceedings in which evidence was used that was derived from the search.  Plaintiff has moved to file a second amended complaint, but the new complaint, like the prior version, demands relief including the invalidation of state proceedings at which the evidence at issue was used.

Whatever might be said of the applicability of *Heck* in an action seeking a remedy for an allegedly unconstitutional search not including the invalidation of proceedings in which evidence from the search was used, it is clear that *Heck* bars any claim like that asserted by plaintiff here.  This is, in effect, a collateral attack on plaintiff's state convictions.  Such a collateral attack may be brought in federal court only by petition for writ of habeas corpus.

Accordingly,

IT IS ORDERED:

The report and recommendation (document 17) is ACCEPTED and adopted

as the opinion of the court.  Plaintiff's motion (document 21) for leave to file a second amended complaint (document 22) is DENIED.  The clerk shall enter judgment stating, "Plaintiff's claims are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)."  The clerk shall close the file.

SO ORDERED this 24th day of October, 2006.

s/Robert L. Hinkle
Chief United States District Judge
