IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RANDALL LAMONT ROLLE,

    Plaintiff,

vs.                                  Case No. 4:06cv401-RH/WCS

MARTY WEST,
and MIKE WOMBLE,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Defendant West filed an answer, doc. 63, to Plaintiff's third amended complaint, doc. 39, on December 18, 2007. Defendant Womble filed an answer, doc. 57, on November 27, 2007. Discovery has been proceeding and is due to be completed on May 12, 2008, with dispositive motions to be filed by June 1, 2008.

Plaintiff filed a motion to amend the complaint, doc. 82, and Plaintiff has provided the proposed fourth amended complaint, doc. 83, along with his motion. Plaintiff states as the basis for his motion that through discovery, he has now learned the names of four other persons who allegedly, "unlawfully," entered Plaintiff's home at the time of the challenged search and seizure and Plaintiff's subsequent arrest. Doc. 82. Thus, Plaintiff seeks to add four more Defendants in this case and, once again, add the United

States Marshals Service as a Defendant. Doc. 82. Plaintiff contends he seeks to amend in good faith and he should not be denied a chance to amend because he "could not have received the names any other way." Doc. 82, p. 1. Defendants oppose Plaintiff's motion to amend, arguing it is filed in bad faith and does not comply with prior orders. Docs. 87, 89.

When the Eleventh Circuit Court of Appeals remanded this case, the court simultaneously affirmed the dismissal of Plaintiff's first amended complaint and affirmed the denial of leave to amend the complaint "as to the U.S. Marshals Service." Doc. 35, pp. 10-11. The court explained that it was not an abuse of discretion to deny leave to amend because "federal agencies cannot be sued under Bivens." *Id.*, at 10.

When this case again proceeded in this Court after remand, Plaintiff filed a third amended complaint, doc. 39, which once again attempted to present claims against the Marshals Service. A report and recommendation, doc. 40, was entered because Plaintiff refused to comply with the prior orders (docs. 36 and 38) to, among other things, omit the Marshals Service as a Defendant in this case. Doc. 40. The recommendation to dismiss this entire case because of Plaintiff's refusal to comply with court orders was not accepted. Doc. 46. Instead, the Court struck Plaintiff's attempted claims against the Marshals Service from the third amended complaint. *Id.*

Therefore, Plaintiff's motion to amend is *not* in good faith because he has previously been told on *at least* three occasions that he may not bring claims against the United States Marshals Service. Plaintiff refuses to comply with court orders and continues to waste time by bringing repetitive and frivolous motions to this Court. The

order I have entered the same day as this report and recommendation on all the recently filed motions sufficiently illustrates this point.

Plaintiff is causing delay in his case and seeks now to again bring this case back to square one.  The case was initiated in August of 2006, doc. 1, but the claims Plaintiff brings concern events which took place on October 25, 2002, when Plaintiff's house was searched and he was arrested.  These claims are brought well past the statute of limitations, as noted by Defendant West, doc. 89, p. 2, and this six-year passage of time would prejudice the newly added Defendants.

Although Plaintiff contends he just learned the names of the additional persons to add as Defendants, doc. 82, that claim is doubtful.  Plaintiff has been contesting his conviction and the search and seizure of evidence from the beginning.  The evidence seized was an issue he raised with his defense attorneys.  Doc. 83, p. 7c.  The "unlawfully seized evidence" was "used against" Plaintiff in both his criminal trial in December of 2003 and in his violation of probation hearing.  *Id.*  It is doubtful that Plaintiff did not know during that time the names of the agents involved in his arrest and in seizing the evidence.  Even if Plaintiff's claim is correct now and he *did not* know their identities, Plaintiff *should* have known.   Indeed, the multiple cases[1] Plaintiff has filed in this Court alone reveals Plaintiff has sued virtually every other person associated with the state criminal proceedings, from law enforcement to probation to attorneys to the presiding judges.  It is far too late in this process to add these Defendants now.

---

[1] Beyond this case, Plaintiff has also filed the following related cases: 4:05cv332, 4:05cv333, 4:05cv334, 4:05cv479, 4:06cv293, 4:06cv373, 4:06cv406, 4:06cv408, 4:06cv452, 4:07cv167, 4:07cv262, 4:07cv285, and 4:07cv317.

Case No. 4:06cv401-RH/WCS

Moreover, Plaintiff's allegations in the proposed fourth amended complaint are insufficient to state a claim.  Plaintiff provides generalities and conclusory allegations.  He does not specifically describe any actions of the newly added four Defendants, much less demonstrate how those persons violated his constitutional rights.[2]  Plaintiff merely makes broad allegations about the actions of the Marshals Task Force and the "deputy marshals."   Though his claims are similar in the third amended complaint, they are at least manageable with two Defendants.  Having six persons sort out vague claims without specifics is not manageable and should not be permitted to proceed.

This case is in discovery and is moving forward.  Discovery is due to end on May 12, 2008, with dispositive motions due within twenty days, by June 1, 2008.  Plaintiff's repeated amendments and frivolous, successive motions are causing delay in this case and, consequently, in other cases pending before this Court.  Plaintiff's actions are abusive and should be curtailed.  He has continued to ignore court orders and his proposed fourth amended complaint is futile.  There is no need to permit Plaintiff to amend a complaint when amendment is futile.  Plaintiff's motion to amend should be denied and this case proceed with the two individual Defendants as named in the third amended complaint, doc. 39.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amend, doc. 82, be **DENIED** because the proposed fourth amended complaint is

---

[2] It is also not likely that Plaintiff could do so.  Plaintiff is complaining about the search of the residence on Ash Way, but Plaintiff is unable to state what each Defendant did or did not do while conducting the search because Plaintiff was seated outside the residence in a law enforcement vehicle.

futile, does not comply with prior court orders, and fails to state a claim against the proposed newly added Defendants, and that the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2008.

    s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**