**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                                               CASE NO. 4:06cv401-RH/WCS

MARTY WEST et al.,

    Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS

The plaintiff asserts that the defendant law-enforcement officers violated his Fourth Amendment rights by entering a home where he stayed three nights a week, damaging a door, leaving the premises in disarray, and seizing guns that were later introduced into evidence against him in criminal proceedings. The case is before the court on the magistrate judge's fourth report and recommendation (document 142), which concludes that the defendants' motion for summary judgment should be granted, and the objections (document 145). I have reviewed *de novo* the issues raised by the objections.

On the defendants' summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn,

in the plaintiff's favor—even though there is substantial evidence to the contrary and some of the plaintiff's assertions seem doubtful at best. Viewed in the proper manner, the critical facts are these.

On October 25, 2002, the defendants Marty West and Mike Womble were serving on the United States Marshals Service Violent Fugitives Task Force. They had a warrant to arrest the plaintiff Randall Lamont Rolle for attempted murder—more specifically, for shooting two individuals with a shotgun earlier that day. Mr. Rolle had been staying three nights a week in a house owned by his father. The officers had reason to believe Mr. Rolle was in the house. They went there and entered by breaking open a door. They found Mr. Rolle in the attic. They arrested him and put him in a car outside. They reentered and searched the house. They removed clothes and other items from drawers and rearranged furniture, generally leaving the place in a mess. They seized a firearm and a pistol.

These facts do not entitled Mr. Rolle to relief.

First, Mr. Rolle has admitted he sometimes resided at the house. The arrest warrant authorized the officers to enter the house to look for Mr. Rolle, a sometime resident believed to be there. *See Payton v. New York*, 445 U.S. 573, 603, 100 S. Ct. 1371, 63 L. Ed. 2d (1980) ("for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is

within."); *United States v. Bennett*, 555 F. 3d 962, 965 (11th Cir. 2009) ("The fact that a suspect may live somewhere else from time to time does not categorically prevent a dwelling from being the suspect's residence.") (citing *United States v. Bervaldi*, 226 F. 3d 1256, 1263 (11th Cir. 2000)).

Second, after finding Mr. Rolle in the attic, the officers had probable cause to believe the gun used in the attempted murders was in the house. They had probable cause to believe the gun was evidence of multiple crimes: the attempted murders and the gun's unlawful possession by Mr. Rolle, a convicted felon. The officers had no search warrant, and the arrest warrant did not authorize them to reenter the house after Mr. Rolle was in custody outside. But there were exigent circumstances: the likely presence of a gun that had just been used in a violent crime by a person who hid in an attic, together with the possibility that others would obtain access to it before a search warrant could be secured. *See United States v. Newsome*, 475 F. 3d 1221, 1226-27 (11th Cir. 2007); *United States v. Rodgers*, 924 F.2d 219, 222-23 (11th Cir. 1991).

Third, Mr. Rolle was a visitor who did not own the house or the personal property in it—other than one or both guns. He thus has no standing to challenge the damage to the door, and he has no standing to contest the search of, or any damage to, the other personal property.

Fourth, in order to recover, Mr. Rolle would have to show not only that the

legal analysis underlying one or all of these conclusions is incorrect, but that the legal analysis was incorrect under the clearly established law at the time of the search. This he cannot do. The officers thus have qualified immunity.

For these reasons,

IT IS ORDERED:

The fourth report and recommendation is ACCEPTED and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed with prejudice." The clerk must close the file.

SO ORDERED on July 25, 2009.

                                          s/Robert L. Hinkle  
                                        United States District Judge